141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert F. COVELLI, Petitioner - Appellant,
State of Illinois, Intervenor - Appellee,
v.
Richard H. RISON, Warden, Respondent - Appellee.
 No. 96-56416.
D.C. No. CV-89-02374-MRP (EE).
 United States Court of Appeals,
Ninth Circuit.
 .
Argued Nov. 7, 1997.
Submitted March 19, 1998.
Decided March 23, 1998.
 
 Appeal from the United States District Court for the Central District of California, Mariana R. Pfaelzer, District Judge, Presiding.
 Before GIBSON,** KOZINSKI, and TROTT, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 This case is hereby submitted effective March 19, 1998.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Robert F. Covelli appeals the district court's summary judgment for the State of Illinois in which the district court determined that Covelli waived his rights under the Interstate Agreement on Detainers Act ("IAD"), 18 U.S.C.App. § 1-9 (1994). We vacate and remand to the district court with directions to dismiss.
 
 
 5
 In 1983, Covelli was convicted for various violations of federal law. In 1985, Covelli was indicted in Illinois for murder and armed robbery. To face trial on the state charges, Covelli was transferred from federal custody to an Illinois county jail pursuant to the IAD. After Covelli filed an interlocutory appeal on his state charges, Illinois transferred Covelli back to federal custody pending resolution of his claims.
 
 
 6
 Covelli then filed an action in federal district court requesting injunctive and declaratory relief. Specifically, Covelli requested that the district court enjoin the federal warden from transferring him back to state custody based on Illinois's alleged violation of the IAD. The district court initially determined that Covelli was entitled to injunctive relief because Illinois returned Covelli to federal custody prior to the conclusion of his state charges in violation of the IAD. However, this Court remanded and directed the district court to consider whether Covelli had waived his right not to be transferred back to federal custody. The district court then determined that Covelli had, in fact, waived his right not to be transferred because he specifically requested that the State of Illinois return him to a federal facility.
 
 
 7
 Covelli appeals seeking a review of the district court's denial of his request for relief. After Covelli filed his appeal with this Court, he was released from federal custody. Covelli's appeal is now moot. We vacate the district court's judgment and remand with directions to dismiss. Cf. United States v. Black, 609 F.2d 1330, 1333 (9th Cir.1979) ("The IAD applies to a prisoner incarcerated in one jurisdiction, who is wanted on charges filed in another jurisdiction. When Black was released from parole from the state prison and was transferred to federal custody, he was no longer in the class of prisoners covered by the IAD."); see also Burrus v. Turnbo, 743 F.2d 693 (9th Cir.1984), vacated as moot sub nom. Hijar v. Burrus, 474 U.S. 1016, 106 S.Ct. 562, 88 L.Ed.2d 548 (1985) (Supreme Court vacated Ninth Circuit's judgment based upon Burrus's release from federal custody. See State v. Burrus, 151 Ariz. 581, 729 P.2d 935, 936 (Ariz.1986) (en banc)).
 
 
 8
 VACATED AND REMANDED WITH DIRECTIONS TO DISMISS.
 
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3